## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PAUL JIMENEZ, ALVARO FIDEL ORTEGA and AUDREY ELENA DAVIS <br> **PLAINTIFFS** <br><br> **VS.** <br><br> UNITED STATES OF AMERICA <br> **DEFENDANT** | § § § § § § § | **CIVIL ACTION NO. 5:20-cv-00575** |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW** Plaintiffs Christopher Paul Jimenez, Alvaro Ortega and Audrey Elena Davis, by and through their attorneys, Thomas J. Henry Law, PLLC, now come before this Court and complains of the United States of America, (hereinafter "USA"), as follows:

## I.
## PARTIES

1.  Christopher Paul Jimenez is an individual residing in Bexar County, Texas, and thus a resident of the Western District of Texas.

2.  Alvaro Ortega is an individual residing in Bexar County, Texas, and thus a resident of the Western District of Texas.

3.  Audrey Elena Davis is an individual residing in Bexar County, Texas, and thus a resident of the Western District of Texas.

4.  The Defendant is the United States of America. The Defendant may be served with summons upon, Stephanie Rico, agent for service of process for the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

1

## II.
## JURISDICTION AND VENUE

5. The claims herein are brought against the USA pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. and 28 U.S.C. §1346(b) for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the USA while acting within the course and scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Texas.

6. Venue is proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, which is within the Western District of Texas- San Antonio Division.

## III.
## CONDITIONS PRECEDENT

7. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

8. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on the appropriate Federal Agency.

9. The appropriate Federal Agency made a final disposition of Plaintiffs' claims within six months after Plaintiffs' claims were filed, pursuant to 28 U.S.C. §2675.

10. In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), Plaintiffs are dissatisfied with the Postal Service's final denial of their administrative claim, and file this lawsuit in United States District Court no later than six (6) months after the date the Postal Service mailed the notice of final action.

## IV.
## SUMMARY

11. On or about July 28, 2018, the Plaintiff, Christopher Paul Jimenez, was operating a 2016 gray Nissan Altima in a lawful manner while traveling southbound on US Highway 281 near Encino Rio, in San Antonio, Bexar County, Texas. Plaintiffs Alvaro Ortega and Audrey Elena Davis were passengers in the vehicle being driven by Plaintiff Christopher Jimenez. The Defendant's employee, Michael Gene Grayson, Jr., who was operating a 2017 White International Transtar Commercial Box Truck while in the course and scope of his employment, failed to control his speed, was inattentive and violently and without warning, struck the Plaintiff, Christopher Paul Jimenez's vehicle. The Defendant's employee, Michael Gene Grayson, Jr., was at all times acting in the course and scope of his employment with the USA and the United States Postal Service.

## V.
## COUNT 1 – NEGLIGENCE UNDER RESPONDEAT SUPERIOR

12. Plaintiffs incorporate by reference herein all allegations set forth above.

13. On July 28, 2018, the Plaintiff Christopher Paul Jimenez was operating a 2016 gray Nissan Altima in a lawful manner while traveling southbound on US Highway 281 near Encino Rio in San Antonio, Texas.

14. The Defendant's employee, Michael Gene Grayson, Jr., failed to control his speed, was inattentive and violently and without warning, struck the Plaintiff's vehicle.

15. At all times relevant hereto, the Defendant's employee, Michael Gene Grayson, Jr., was acting within the course and scope of his office and employment with Defendant, the USA, specifically as a member of the United States Postal Service.

16. The Defendant's employee, operated the vehicle in a negligent manner and violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

    a. in failing to keep a proper lookout or such lookout, which a person of ordinary

prudence would have maintained under same or similar circumstances;

b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.    in failing to turn the vehicle in an effort to avoid the collision in question;

d.    in failing to sound horn to warn of imminent danger;

e.    in failing to control his speed; and

f.    in failing to maintain a safe following distance.

17.    Each and all of the foregoing acts and/or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiffs' injuries and damages.

## **COUNT 2 – DIRECT NEGLIGENCE**

18.    Defendant USA was also independently negligent in one or more of the following respects:

a.    failure to hire a qualified driver;

b.    inadequate driver qualifications;

c.    failure to train and supervise Michael Gene Grayson, Jr.;

d.    negligent entrustment of the vehicle to of Michael Gene Grayson, Jr.;

e.    negligent retention of Michael Gene Grayson, Jr.; and

f.    negligent contracting.

19.    Defendant USA is liable for negligently contacting with Edward's Mail Service Inc. in that Defendant contracted with Edwards Mail Service Inc. to deliver mail without ensuring that it had checked its drivers' backgrounds and driving histories, without knowing whether the drivers were qualified, and without knowing whether they were trained and supervised. Defendant USA negligently contracted with Edwards Mail Service Inc. who Defendant knew or should have known

4

would provide incompetent drivers to pick up and deliver mail and that such incompetence would in all likelihood cause serious injury to others in the event on an accident like the one that occurred. As such, Defendant USA violated their duty to exercise ordinary care in the contracting of mail services.

20.     Each and all of the foregoing acts and/or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiffs' injuries and damages.

## **COUNT 3 – GROSS NEGLIGENCE**

21.     The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

22.     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

23.     Defendant had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiffs and others.

24.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

# VI.
# DAMAGES

25.     As a direct and proximate result of the negligent acts and omissions of the Defendant, Plaintiffs suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since this incident.  These injuries may be permanent in nature. The injuries have had an effect on the Plaintiffs' health and well-being.  As a further result of the nature and consequences of their injuries, the Plaintiffs have suffered and may continue to suffer into the future, physical pain and mental anguish.

26.     As a further result of all of the above, Plaintiffs have incurred expenses for their medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

27.     As a further result of the injuries sustained by the Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

28.     By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

# VII.
# INTEREST

29.     Plaintiffs further request both pre-judgment and post-judgment interest on all their damages as allowed by law.

# VIII.
# PRAYER FOR RELIEF

30. WHEREFORE, Plaintiffs are entitled to damages from the United States of America and they hereby pray that judgment be entered in their favor and against the United States of America as follows:

   a. Pain and suffering in the past;
   b. Pain and suffering in the future;
   c. Mental anguish in the past;
   d. Mental anguish in the future;
   e. Past medical expenses;
   f. Future medical expenses;
   g. Physical impairment in the past;
   h. Physical impairment in the future;
   i. Physical disfigurement in the past;
   j. Physical disfigurement in the future;
   k. Loss of past wages;
   l. Loss of future wages;
   m. Loss of wage earning capacity;
   n. Loss of consortium
   o. Loss of household services
   p. Property damage; and
   q. Loss of use.

Plaintiffs seek any further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully submitted,

                **THE LAW OFFICES OF THOMAS J. HENRY**
                5711 UNIVERSITY HEIGHTS BLVD., STE. 101
                SAN ANTONIO, TEXAS 78249
                PHONE: (210) 656-1000
                FAX: (361) 985-0601

**BY:** ***/S/ RICHARD HUNNICUTT, III***
                RICHARD HUNNICUTT, III
                Federal Admission No.: 17838
                STATE BAR NO. 10279700
                *rhunnicutt-svc@tjhlaw.com\**
                Service by Email to this address only*